DeMOSS, Circuit Judge,
dissenting in part and concurring in part:
I concur in the majority’s determination that the Supreme Court’s recent decision in Bousley v. United States, - U.S.-, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998), forecloses Thompson from contending that her guilty plea was not entered into knowingly and intelligently because the decision of the Supreme Court in Bailey v. United States, 516 U.S. 137, 116 S.Ct. 501, 133 L.Ed.2d 472 (1995), changed the law as to what constituted “use” of a firearm under 18 U.S.C. § 924(c)(1). Like the defendant in Bousley, Thompson failed to challenge the validity of her guilty plea on direct appeal and has procedurally defaulted as to that challenge.
However, I cannot join the majority in depriving Thompson of the relief which the *227 Supreme Court so clearly indicated in Bous-ley was available, i.e. the opportunity to establish her “actual innocence” in an eviden-tiary hearing before the district court. Rather than remanding this ease to the district court for such an evidentiary hearing on “actual innocence” the majority reads Bous-ley as permitting this Circuit Court to make the determination of “actual innocence” based upon the evidence which the panel majority finds available in the record of Thompson’s appeal. I find nothing in Bous-ley which supports this short circuiting of the opportunity to establish “actual innocence” in an evidentiary hearing at the district court level. Consequently, I disagree with the panel majority that we have any jurisdiction to make that factual determination in this appeal.
Secondly, the panel majority, in arriving at its conclusion that Thompson could not prove she was “actually innocent,” relies on testimony and evidence presented during the trial of Travis Wayne Tubbleville and Jerry Joe Tubbleville who were co-defendants in the same indictment in which Thompson was charged. However, Thompson pled guilty to two counts in this indictment some three or four weeks before the Tubbleville trial even began; and consequently neither Thompson nor her counsel were present during the Tubbleville trial. Using testimony presented in the Tubbleville trial clearly deprives Thompson of her right to confront and cross-examine the witness against her. Furthermore, I see nothing which would permit us to conclude that the transcript of the Tubble-villes’ trial is part of Thompson’s record on appeal. I see nothing in the record which would indicate that the transcript of the Tub-blevilles’ trial was introduced as evidence before the district court on Thompson’s § 2255 hearing and I see no reference whatsoever in the district court’s opinion to any of the testimony in the Tubblevilles’ trial. I am confident that if Thompson had been represented by counsel, rather than being pro se, the process by which counsel for the government slipped in the references to the testimony in the Tubblevilles’ trial would have been promptly nipped in the bud.
Lastly, I cannot join the panel majority’s short circuiting of the actual innocence determination by relying on the vicarious liability theory of Pinkerton v. United States, 328 U.S. 640, 66 S.Ct. 1180, 90 L.Ed. 1489 (1946). I do not think the Pinkerton theory applies in this case for two reasons:
a. First of all, the only conspiracy count in the indictment against Thompson and the Tubblevilles was Count I, which asserted a conspiracy to dispense and distribute amphetamine within 1,000 feet of a public school. There is absolutely nothing in that conspiracy count relating to the “using or carrying of firearms.” It seems axiomatic to me that a conspiracy to dispense and distribute amphetamines can be implemented and performed without “using or carrying” a firearm; and therefore the scope of that conspiracy would not include anything about using or carrying firearms. There is no evidence or testimony whatsoever in this record upon which a conclusion could be drawn that in conspiring to dispense and distribute amphetamines Thompson and the Tubblevilles necessarily agreed to use and carry firearms.
b. Secondly, in Count V, which is the using or carrying a firearm count, alleges that Thompson used or carried the firearm during and in relation to her commission of Count IV. Count IV charged possession with intent to manufacture and distribute amphetamines. Thompson did not plead guilty to Count IV of the indictment. Moreover, Count IV of the indictment is a pure substantive offense count and has no conspiracy aspects to it whatsoever.
In sum, I am unable to make the incredible stretch required to conclude that the testimony entered in the Tubblevilles’ trial can support a Pinkerton vicarious liability finding against Thompson on the basis of evidence and testimony which Thompson never had an opportunity to cross-examine where Thompson did not plead guilty to the underlying-predicate offense, and where the only conspiracy charged did not involve using or carrying a firearm.
In my view Bousley requires us to remand this matter to the district court for an evi-dentiary hearing in which Thompson would have the opportunity to prove she was actual *228 ly innocent of “using or carrying a firearm” during and in relation to Count IV, as charged in Count V. My colleagues obviously think that Thompson could not carry the burden of proving her “actual innocence,” but well-established Supreme Court law mandates that that is a judgment to be explored and determined by the district court.